UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TD INTERNATIONAL, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Case No. 09cv867 (RJL) |
| STEVEN K. FLEISCHMANN ) | |
| ) | |
| & ) | |
| ) | |
| TERTIUM DATUR ) | |
| INTERNATIONAL, LLC a/k/a ) | |
| TERTIUM DATUR, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

MEMORANDUM OPINION
(August 4, 2009)

TD International, LLC ("TDI") seeks a preliminary injunction[1] to freeze one of defendants' bank accounts pending a judgment on TDI's claims for roughly $1.2 million in damages ("Pl. Mot." [Dkt. # 2]). After consideration of both parties' pleadings and

---

[1] Plaintiff also sought an *ex parte* temporary restraining order to freeze defendants' bank account while the motion for a preliminary injunction was pending. That request was denied on May 19, 2009 because it did not comply with Federal Rule of Civil Procedure 65(b)(1)(A), which requires TRO requests be accompanied by an affidavit or a verified complaint containing specific facts to "clearly show that immediate and irreparable injury, loss, or damage will result ... before the adverse party can be heard in opposition." Rule 65 must be strictly applied because *ex parte* relief runs counter to core values of notice and opportunity to be heard. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 438 (1974).

their oral arguments before the Court, TDI's motion for a preliminary injunction is DENIED.

## BACKGROUND

The focus of the parties' dispute is the terms of a partnership agreement between Fleischmann and TDI. TDI is a Washington, D.C.-based business consulting firm formed in 1999. (Compl. ¶ 9.) According to TDI's complaint, Fleischmann entered into a Members Agreement in January of 2004 with two principals of TDI, William Green and Ronald Slimp. Pursuant to the agreement, each of the three members held a one-third ownership interest in the company in furtherance of the company's business. (*Id.* ¶ 10.)

Additionally, as a supplement to the obligations imposed by the Members Agreement, TDI claims Fleischmann was bound by a second agreement–the Third Amended and Restated Operating Agreement, dated May 1, 2004–to "devote his best efforts and substantially all of his productive working time to TDI's business." (*Id.*) An unsigned copy of this agreement is attached to TDI's pleadings. (*Id.* Exh. 2.) However, the terms of this second agreement contradict the purported terms of the first Members Agreement as it is described in plaintiff's complaint. In particular, according to the second agreement, there were five members of TDI who held varying ownership interests, not three members with a one-third interest each. (*Id.* Exh. 2 at Exh. A.)

Based on this limited set of facts, TDI seeks a preliminary injunction to freeze one of Fleischmann's bank accounts on the grounds that, contrary to the terms of his

agreements, he misappropriated some $626,401.42 in accounts receivable owed to TDI. (*Id.* ¶ 15.) Fleischmann allegedly accomplished the misappropriation by incorporating a shell company with a name nearly identical to TDI–Fleischmann's company is named Tertium Datur, International, which could also be abbreviated "TDI"–and instructing a client to direct its payments to this newly created company. (*Id.* ¶ 11-18). According to TDI, it, and not Fleischmann, held the engagement contract with the client in question, and the client *unwittingly* sent payments to Fleischmann's similar-sounding shell company on the mistaken belief it was settling up with TDI. (*Id.*)

## ANALYSIS

A preliminary injunction is an "extraordinary remedy that is never awarded as of right." *Winter v. Natural Res. Defense Council, Inc.*, --- U.S. ---, 129 S. Ct. 365, 376, 127 L.Ed.2d 249 (2008). A movant may obtain a preliminary injunction only if it is able to demonstrate: (1) that it is likely to succeed on the merits; (2) that it is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. *Id.* At 374. "If the plaintiff makes a particularly weak showing on one factor . . . the other factors may not be enough to compensate." *Dodd v. Fleming*, 223 F.Supp.2d 15, 20 (D.D.C. 2002) (citing *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1507 (D.C. Cir. 1995), *amended on other grounds on reh'g*, 66 F.3d 1226 (D.C. Cir. 1995)). In particular, a movant must show at the very least that irreparable harm is likely to occur should an injunction not issue. *See Winter*,

129 S.Ct. at 375. The mere possibility of irreparable harm is not enough, *see id.*, and a court may deny a motion for preliminary relief without considering any other factors when irreparable harm is not established, *see CityFed Financial Corp v. OTS*, 58 F.3d. 738, 747 (D.C. Cir. 1995). Unfortunately for TDI, it has failed to make the requisite showing of irreparable harm. How so?

While the concept of irreparable harm may be difficult to define, it is abundantly clear that the impending harm must be "certain and great," and it must be "actual and not theoretical." *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985). Additionally, the harm must be imminent. Injunctive relief "will not be granted against something merely feared as liable to occur at some indefinite time." *Id.* (citing *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931)). Finally, it is "well settled that economic loss does not, in and of itself, constitute irreparable harm." *Id.* The only instance where economic loss can give rise to irreparable harm, and thus a preliminary injunction, is when such loss "threatens the very existence of the movant's business." *Isong v. Apex Petroleum Corp.*, 273 F. Supp. 2d 1, 2 (D.D.C. 2002) (citing *Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 n. 2 (D.C.Cir.1977)).

TDI's sole argument with respect to irreparable harm is that it holds an "equitable interest" in the funds it seeks to freeze. (Pl. Mot. at 5-6.) Putting aside TDI's failure to advance any legal or factual basis to support its claim to an "equitable" interest in the

funds, it does not establish what irreparable harm will befall it if the Court does not grant the injunction it seeks. Indeed, the mere existence of an equitable interest in the funds is not enough on its own to warrant injunctive relief. To the contrary, TDI must demonstrate that the likely loss of these funds threatens its business's very existence. *See Isong*, 273 F. Supp. 2d at 2. In that regard, TDI's reliance on *Ellipso v. Mann*[2] is, at best, misplaced. While an equitable interest is necessary under *Ellipso* to obtain an injunction to freeze assets, it is not a sufficient basis, alone, to warrant an injunction that does so. Accordingly, whether TDI's interest in the funds in Fleischmann's bank account is equitable or not, it cannot obtain injunctive relief absent the necessary showing of irreparable harm required in this Circuit.[3]

---

[2] 480 F.3d 1153 (D.C. Cir. 2007)

[3] TDI fails to even argue, let alone establish, that the damages it has allegedly suffered on account of Fleischmann pose a threat to its business. Assuming *arguendo* TDI's allegations to be true, Fleischmann diverted approximately $626,401.42 in funds owed to TDI. (Compl. ¶ 15.) In addition, TDI claims it sunk roughly $600,000 in unrecouped costs to service TAQA, the client whose payment Fleischmann allegedly misappropriated. (*Id.* ¶ 18.) This alleged loss, however, is never placed in the context of the financial condition of TDI's business. Moreover, TDI's acknowledgment at the preliminary injunction hearing that Fleischmann had not moved any funds out of the account since paying taxes in April, despite his awareness of TDI's suit against him, raises additional doubts as to whether any potential harm is "imminent." (H'rg Tr. at 5.)

## CONCLUSION

Thus, for all of the reasons stated above, the Court DENIES TDI's Motion for a Preliminary Injunction. An appropriate order will issue with this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge